(Surrogate's Court, Cattaraugus County. August, 1899.)

TAXATION—TRANSFER TAX UNDER STATE LAW—VALUE OF ESTATE—WAR REVENUE.

A war revenue tax paid upon an estate as required by War Revenue Law 1898, §§ 29, 30, providing that, wherever personal property exceeding $10,000 in value passes either by will or the intestate laws of any state, a tax or duty accrues to the United States, which "shall be a lien and charge upon the property," cannot be deducted from the estate in determining its taxable value under the transfer act of a state, since the war tax is upon the right of succession, and not a direct tax on the corpus of the estate.

In the matter of the assessment and determination of the transfer tax on the estate of William M. Irish, deceased. From an assessment and determination of such tax, the executors appealed. Affirmed.

Cary, Rumsey & Hastings, for executors.
J. H. Waring, for state comptroller and Cattaraugus county treasurer.

DAVIE, S. This is an appeal by the executors from the assessment and determination of the transfer tax to which this estate is liable. The war revenue tax paid by the executors was $1,856, and it is claimed that this sum should be deducted in ascertaining the taxable value of the estate under the state law. This question has been decided by the surrogate of Erie county adversely to the contention of the executors. In re Becker, 26 Misc. Rep. 633, 57 N. Y. Supp. 940. In determining the taxable value of estates under the transfer act, debts, commissions, and expenses of administration are to be deducted before computing the tax. In re Westurn's Estate, 152 N. Y. 102, 46 N. E. 315. If, then, the war revenue tax is in the nature of a debt or an expense of administration, within the meaning of the case last cited, it should be deducted; otherwise, not. By section 29 of the war revenue law of 1898, it is provided that wherever personal property exceeding $10,000 in value passes, either by will or by the intestate laws of any state, a tax or duty accrues to the United States, the rate or amount of said tax depending upon the size of the personal estate, and the degree of relationship of the legatee or distributee. Section 30 of this act provides, "The tax or duty aforesaid shall be a lien and charge upon the property of every person who may die as aforesaid for twenty years or until the same shall within that period be fully paid to and discharged by the United States." And in consequence it is claimed that this duty is in the nature of a direct tax against and lien upon the corpus of the personal estate, attaching immediately upon the death of the decedent, thereby diminishing to that extent the estate passing to the legatee or distributee. A careful analysis of the statute imposing this duty will show that it is not one imposed directly upon the executors as such, nor directly upon the estate, although it is measured by the value of the estate, and its payment secured by lien thereon. If the phraseology of this statute is susceptible of two constructions, the one must be adopted which avoids unconstitutionality, even though it may be necessary for that purpose to disregard the more usual or apparent import of the language employed. Kerrigan v. Force, 68 N. Y. 381; Supervisors v. Brogden, 112 U. S. 261, 5 Sup. Ct. 125; Parsons v. Bedford, 3 Pet. 433. Congress has no power to impose direct taxes, except where their apportionment is based upon the population as ascertained by the census. Subdivision 4, § 9, art. 1, Const. U. S. This tax, if direct, being apportioned, as it is, entirely upon the amount of the estate and degree of relationship of the beneficiaries, would be in contravention of this constitutional prohibition, and therefore unconstitutional. Pollock v. Trust Co., 157 U. S. 429, 569, 15 Sup. Ct. 673; Id., 158 U. S. 601–608, 15 Sup. Ct. 912. But congress has the power to levy a tax as an excise or duty upon the devolution of estates or legatee's right of succession. The inheritance tax feature of the internal revenue law of 1864, which was similar in principle to the present law, was sustained and held to be constitutional as a succession tax or duty imposed on the right of succession. Scholey v. Rew, 90 U. S. 331; Pollock v. Trust Co., supra. The provisions of the present United States statute imposing this tax are similar to those of

the taxable transfer act of the state. Section 1 of the state law provides that "a tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over," etc. Section 3 of this act further provides that "every such tax shall be and remain a lien upon the property transferred    *    *    * until its payment." In re Hoffman's Estate, 143 N. Y. 329, 38 N. E. 311, the court says:

"In construing the inheritance tax law as it stood prior to the act of 1892, we had occasion to decide that it imposed a tax upon the right of succession to the property of the testator or intestate which vested in the successors severally, and in their respective shares or proportions, and not upon the property or estate of the decedent.    *    *    * The act of 1892 was a revision of the whole law on the subject. It was passed with knowledge of our decisions and in view of our construction, and was obviously intended, in some respects, to compel on our part different conclusions. I do not think there was any such purpose, so far as our general doctrine as to the nature of the tax is concerned. There are some changes of phraseology in the more important sections, but I think it remains true that the tax is one upon the right of succession, levied upon successors in respect to the shares to which they succeed, and not upon the decedent's estate as such."

See, also, In re Merriam's Estate, 141 N. Y. 479, 36 N. E. 505; In re Swift, 137 N. Y. 77, 32 N. E. 1096.

In view of the authorities cited, the claim of the executors cannot be sustained. The tax imposed by the war revenue law is clearly one upon the right of succession, and not a direct tax on the corpus of the estate. Again, there is no absolute, inherent right of succession to estates of persons deceased by virtue of being legatees, heirs at law, or next of kin. Such rights are solely legislative creations, and the enjoyment thereof may be subjected to such conditions, tax, or duty as the legislature creating such rights sees fit to impose. In re Moore's Estate, 90 Hun, 166, 35 N. Y. Supp. 782. The state having absolute dominion over estates within its territorial limits, it would hardly seem that the national government had the authority to diminish the tax which the state, in the exercise of such dominion, had seen fit to impose, by first deducting the duty imposed by the United States for war revenue.

In this case the commissions of the executors, and other expenses of administration, to the extent of $100, should be first deducted, and the transfer tax assessed on the balance. No deduction should be made on account of the war revenue tax. A decree will be entered accordingly. Decreed accordingly.