In the Matter of the Appraisal of the Estate of CAROLINE REMSEN GIHON, Deceased, under the Act in Relation to Taxable Transfers of Property.

FRANCIS M. CARPENTER, Treasurer of Westchester County, and ERASTUS C. KNIGHT, Comptroller of the State of New York, Appellants; WILLIAM GIHON, FREDERICK G. LE ROY and HALEY FISKE, as Executors, etc., of CAROLINE REMSEN GIHON, Deceased, Respondents.

*Transfer tax — the commissions of a temporary administrator, the Federal revenue tax and trustee's commissions should be first deducted.*

In determining the value of a succession to property for the purposes of the transfer tax, the commissions of a temporary administrator and his expenses (which were to some extent the same as those which would have been incurred by the executors had the estate passed directly into their hands) and the legacy tax due under the Federal Revenue Law, together with the statutory commissions due to the trustees, should be first deducted.

APPEAL by Francis M. Carpenter, treasurer of Westchester county, and another, from a decree of the Surrogate's Court of Westchester county, entered in said Surrogate's Court on the 22d day of December, 1900, fixing the transfer tax upon the estate of Caroline Remsen Gihon, deceased.

The appeal is taken on the following grounds:

*First.* That the surrogate has allowed as deductions from the taxable property of said estate the expenses and commissions of the temporary administrator.

*Second.* That the surrogate has allowed as deductions from the taxable property of said estate the commissions of trustees.

*Third.* That the surrogate has allowed as taxable deductions from the said estate the legacy tax under the United States War Revenue Law of June 13, 1898.

*Joseph W. Middlebrook,* for the appellants.

*C. N. Bovee, Jr.,* for the respondents.

Decree of the Surrogate's Court of Westchester county affirmed on the opinion of the surrogate, with costs to the executors respondents, payable out of the estate.

GOODRICH, P. J., WOODWARD, HIRSCHBERG, JENKS and SEWELL, JJ., concurred.

The following is the opinion of the surrogate:

THEODORE H. SILKMAN, Surrogate:

An appeal is taken from the decree assessing the transfer tax herein, and several grounds of error are assigned:

1. The appraisers did not deduct the sum of $7,864.59, the expense of administration incurred by the temporary administrator, including his commission.

2. The appraiser failed to deduct the legacy tax under the Federal Revenue Law.

3. The appraiser failed to deduct the statutory commissions which the appellants would be entitled to as trustees.

4. The appraiser erroneously included an item of $24,960 in arriving at the value of the succession.

In considering the grounds of appeal we must have in mind that the tax is upon the transfer from the testatrix, and the amount of the tax is measured by the sum or property received by the legatee. (*Matter of Hoffman*, 143 N. Y. 327; *Matter of Westurn*, 152 id. 93.)

The expenses of administration incurred by the temporary administrator were, to a certain extent, the same as would have been incurred by the executors had the estate passed directly into their hands. The general administration in the hands of the executors was, therefore, saved expense to that extent. But, disregarding this fact, it cannot be said that the expenses incurred by a temporary administrator in the performance of his duty, and his commissions as such, are always the result of a contest over the probate of a will; there may be other reasons which render necessary the appointment of a temporary administrator. (Code, § 2670.)

The beneficiaries take, after the estate has been liquidated, under and pursuant to statutory requirements. Usually this liquidation is performed by executors or general administrators; nevertheless in special cases, under special circumstances, the court may require and provide for temporary administration. This may not be due to any fault or negligence on the part of the legatees or distributees, nor at their instance, and there is no sound reason why, in measuring the value of their succession, the expenses of proceedings over which they have no control and which are had in pursuance of statutory authority should not be deducted.

This conclusion is not in conflict with the rule laid down in the

*Westurn* case, above cited. There it was held that costs of a litigation over the probate of a will were not to be deducted in arriving at the value of the succession, and it was said : " The fact that the appellants were put to expense in asserting their rights and were embroiled in expensive litigation to obtain them, was their misfortune. It did not diminish the value of the interests which devolved upon them on Westurn's death. It was a loss, but a loss to their general estate. It did not prevent them receiving the whole interest transmitted to them. The fact that the court charged certain costs and allowances in their favor upon the estate did not change the situation. It was practically a charge upon their own property for the benefit of their attorneys."

It is apparent that the cases are not analogous. In the case at bar the legatees took the property after the payment of the expenses authorized by law for the protection and administration of the decedent's estate. Such expenses were not incurred by the legatees in asserting their rights. The incurrence of them was beyond their control, and may have been as much for the benefit of creditors as of the legatees themselves. It, therefore, follows that upon the first ground of appeal assigned the appellants must succeed.

We are now brought to the question whether the legacy tax under the Federal Revenue Law should be deducted. This question seems to have been determined adversely to the contention of the appellants in *Matter of Becker* (26 Misc. Rep. 633); *Matter of Irish* (28 id. 647); *Matter of Curtis* (31 id. 83). In these cases the rule is laid down that upon the assessment of the transfer tax under the State law in arriving at the value of the succession, no deduction can be made by reason of any tax which may be due and payable under the United States law.

While the reasoning of these cases may be based upon authority, there seems to me to be an injustice in the rule so apparent as to justify me in not following my learned brethren. As has been said, the tax is upon the transfer from the testatrix measured by the amount received by the legatees. These taxes are primarily payable out of the estate in the hands of the administering officer, be he executor or administrator. It is his duty to discharge these obligations before delivering over the succession. The law contemplates that the legatees and distributees shall not receive the decedent's

estate until these obligations are discharged; and, measuring the value of the succession by the amount received by them, it logically follows that in assessing the amount of tax under the State law the Federal tax should be deducted. It would likewise follow, although the question is not before us, that the administering officers should pay the Federal tax only upon the surplus after deducting the State tax. But this latter is a Federal question and is not involved here.

To make apparent the injustice of refusing to deduct the Federal tax in arriving at the values of the succession, we will put the case of a testator giving to a stranger to his blood, $1,000,000; the transfer under the State law would be five per cent, or $50,000; the Federal revenue tax would be fifteen per cent, or $150,000; the legatee would receive $800,000. He would have paid under the State five per cent on $150,000, which the United States government received, and he would have paid fifteen per cent on $50,000, which the State received. In all he would be paying $15,000 in taxes upon the succession to property which he never received.

The statement of this proposition demonstrates the equity of the position of the appellants and to my mind the error of the appraiser. The question here presented did not arise in *Matter of Burr* (16 Misc. Rep. 89), cited by respondent.

The third ground of error assigned involves the right to have deducted the amount of commissions of the appellants as trustees. The right to commissions as trustees is statutory, and cannot be taken away except for misconduct in office, or as a penalty for relinquishing office. They are a legal and preferential charge against the trust estate. The property passes to the beneficiaries subject to their payment. Bearing in mind the cardinal principle that the transfer tax is to be measured by the amount the legatee is legally entitled to receive, and that the law permits the transfer to legatees through the medium of trusts, I can see no reason why the rule which permits the commissions of executors and administrators to be deducted should not apply equally as well to commissions of trustees.

The fourth ground of appeal alleges error in the amount of $24,960, included in the assets.

Upon this ground appellants must fail. The appraiser's report is evidently based upon the affidavit of appellant's counsel, verified March 8, 1900, from which it would appear that no error exists. If,

however, an error in fact exists in the proofs submitted to the appraiser, the court will entertain a motion to send the matter back to the appraiser for further hearing, upon the appellants stipulating to bear the expense of such new appraisement.

A decree may be entered reversing the appraiser upon the first three grounds discussed, and assessing the transfer tax in accordance with the views expressed.

Under all the circumstances, no costs of the appeal are allowed.