# DECISIONS

IN

# CASES NOT REPORTED IN FULL.

## FIRST DEPARTMENT, APRIL TERM, 1902.

In the Matter of the Transfer Tax upon the Estate of Cornelius Vanderbilt, Deceased.— Order affirmed, with costs.— Reargument of cross-appeals from an order of the surrogate affirming an order fixing the amount of transfer tax.—

PER CURIAM: The Court of Appeals having reversed the ruling of the second department in *Matter of Gihon*, 64 App. Div. 504; 169 N. Y. 443, the order of the surrogate made in this case, providing that the amount of the Federal war tax should not be deducted from the assessed valuation of Mr. Vanderbilt's estate, must be affirmed, with costs. Present — Van Brunt, P. J., Patterson, Ingraham, Hatch and Laughlin, JJ.

Julius Levine, Respondent, v. Gustavus A. Goldsmith, Appellant, Impleaded with Others. — Exceptions sustained, interlocutory judgment reversed, and decision and order of reference vacated, and new trial granted, with costs to defendant to abide event.— Motion for a new trial at Appellate Division upon exceptions after interlocutory judgment, pursuant to section 1001 of the Code of Civil Procedure, and also an appeal from the interlocutory judgment which was entered in the clerk's office of the county of New York on the 29th day of August, 1901, upon the decision of the court, upon a trial of the issues and the report of a referee.—

PER CURIAM: For the reasons stated in the opinion in the case of *Levine* v. *Goldsmith*, (*ante*, p. 204), the exceptions should be sustained, the interlocutory judgment reversed and the decision and order of reference vacated, and a new trial granted, with costs to defendant to abide event. Present — Van Brunt, P. J., Patterson, O'Brien and Laughlin, JJ.

Chalmers Dale, as Trustee of Carrie R. Dale, Respondent, v. The City of New York, Appellant.— Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and answer on payment of costs in this court and in the court below.— Appeal by the defendant from an interlocutory judgment of the Supreme Court, entered in the clerk's office of the county of New York on the 4th day of November, 1901, overruling a demurrer to the complaint.—

PER CURIAM: For the reasons assigned in the opinion in the case of *Dale* v. *City of New York*, (*ante*, p. 227), the interlocutory judgment should be affirmed, with costs, and with leave to defendant to withdraw demurrer and answer upon payment of the costs of the appeal and of the demurrer. Present — Van Brunt, P. J., O'Brien, McLaughlin, Hatch and Laughlin, JJ. Van Brunt, P. J., dissenting.

Moses Tanenbaum, Plaintiff, v. Aaron Simon and Julius Herrman, Defendants.— Submission of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.—

PER CURIAM: Many of the questions sought to be settled by the submission of the controversy between the parties are not presented in such a way that it is competent for the court to decide them. We are asked to pass u¬on inferences which may be drawn from the submission, rather than upon facts which are affirmatively stated therein; and thus our conclusion would necessarily be based upon such inferences. As said in *Fearing* v. *Irwin* (55 N. Y. 489), "In these cases of a submission of a controversy without action, the court is confined to the facts agreed upon, and can make no inferences or in any way depart from or go beyond the statement presented." The submission, therefore, must be dismissed, without costs and without prejudice to any action the parties may see fit to bring. Present — Van Brunt, P. J., Patterson, O'Brien, McLaughlin and Laughlin, JJ.

Simon E. Bernheimer, Respondent, v. Josephine Schmid, Appellant; John M. Bowers, as Receiver of the Firm of Bernheimer & Schmid, Respondent.— Order affirmed, with ten dollars costs and disbursements.—Appeal from an order granting the application of the receiver for leave to loan certain moneys.

PER CURIAM: By the order appealed from the receiver appointed in this action was empowered and directed to advance and loan to two persons certain sums of money from the receivership funds and to take mortgages to secure such loans. Objection to these specific loans is the same as that taken on the appeal from another order authorizing the receiver to make advances to customers of the copartnership over which the receivership extends, and the appeal from which last-mentioned order is decided herewith (*ante*, p. 244). The views expressed by the court in deciding the last-mentioned appeal control now, there being no reason urged, separated from the general objection, why these particular loans should not be made. The order should, therefore, be affirmed, with ten dollars costs and disbursements. Present — Van Brunt, P. J., Patterson, O'Brien, McLaughlin and Laughlin, JJ.

New York Bank Note Company, Appellant, v. Hamilton Bank Note Engraving and Printing Company and The Kidder Press Manufacturing Company, Respondents.— Order reversed, with ten dollars costs and disbursements, and action remitted to the court below for the appointment of a new referee. — Appeal from an order denying a motion to set aside a referee's report and for the appointment of a new referee.—

PER CURIAM: Although we are of the opinion that the referee had no improper motives or purpose in his action, it is apparent that it was so indiscreet as to require the setting aside of the report and the appointment of a new referee. The order should, therefore, be reversed, with ten dollars costs and disbursements, and the action remitted to the court below for the appointment of a new referee. Present — Van Brunt, P. J., Ingra-