87 N. J. Eq. In re Christie's Estate.

In the matter of the estate of ROBERT CHRISTIE, deceased.

[Submitted April 24th, 1917. Decided April 28th, 1917.]

1. Statutory commissions of testamentary trustees are proper items of deduction in appraisements of inheritances under the "Transfer of Property Tax" act of 1909. *P. L. 1909 p. 328; Matter of Gihon, 169 N. Y. 448,* followed.

2. The assessment for New Jersey transfer taxes may be surcharged with the amount of these commissions at the proper time, but not before the exact amount of such commissions is ascertained.

---

On appeal from assessment of transfer tax.

*Mr. Herbert M. Lloyd* (of the New York bar), *pro se,* for the appellants.

*Mr. Herbert Boggs,* assistant attorney-general, for the state.

BACKES, VICE-ORDINARY. .

This is an appeal from an appraisement of property transferred by the last will and testament of Robert Christie, deceased, and an assessment thereon of a tax under the Transfer of Property Tax act of 1909. *P. L. 1909 p. 325.*

The decedent died May 12th, 1915, a resident of Montclair, leaving a last will and testament, wherein, after pecuniary legacies, he bequeathed the rest of his estate to his executors in trust, to pay one-third of the net income to his wife for life, remainder over absolutely to his next of kin and heirs-at-law her surviving, and the net income of the remaining two-thirds to his wife so long as she remained his widow, with similar remainder over upon remarriage or death. The taxable interests were appraised at $60,479.17, of which $44,386.20 was apportioned to the residuary estate. The contention of the appellants—the executors and trustees—is that the latter sum should be reduced by five per cent., the amount of commission they estimate will be allowed to them for their services as trustees.

The tax imposed by the act is on the right of inheritance—on the beneficiary—for the privilege of succeeding to the property (*Sawter* v. *Shoenthal*, *83 N. J. Law 499;* *Carr* v. *Edwards*, *84 N. J. Law 667*), and is measured by the "clear market value" of the property transferred, ascertained by deducting from the gross value of the residue all lawful charges, exemptions and costs of winding up the estate. As to remuneration to trustees for administering trusts created by will, inasmuch as the office and duties are separate and distinct from those of executors, and as statutory commissions are allowed in each, although the same person may have acted in both capacities (*Pitney* v. *Everson*, *42 N. J. Eq. 361*), if I were to follow my own opinion, my judgment would be that they were to be paid out of the estate for whose benefit the services were rendered. But the New York courts decided otherwise, and have held that the commissions of testamentary trustees diminish the inheritance, and are to be taken into consideration and allowed in fixing the value of the succession, and as our Transfer of Tax act was copied from the statute of that state, it will be presumed that the judicial construction there given to the latter was adopted by our legislature. *De Raismes* v. *De Raismes*, *70 N. J. Law 15;* *Clay* v. *Edwards*, *86 Atl. Rep. 548.* In the *Matter of Gihon*, *64 App. Div. 504*, the trust was similar to the one in this case, and on an appeal from an assessment which included commissions to which the executors would be entitled as trustees, the surrogate held that "the right to commissions as trustees is statutory, and cannot be taken away except for misconduct in office, or as a penalty for relinquishing office. They are a legal and preferential charge against the trust estate. The property passes to the beneficiaries subject to their payment. Bearing in mind the cardinal principle that the transfer tax is to be measured by the amount the legatee is legally entitled to receive, and that the law permits the transfer to legatees through the medium of trusts, I can see no reason why the rule which permits the commissions of executors and administrators to be deducted should not apply equally as well to commissions of trustees." The appellate division of the supreme court affirmed the judgment on the opinion of the surrogate, and on an appeal to the court of appeals, Judge

Cullen, speaking for the court, said: "There is a distinction that may be made between the commissions of executors or administrators whose appointment is an absolute essential to the lawful liquidation of an estate and those of trustees who are appointed solely for the protection of the property of the beneficiary, and it may be urged that such latter commissions should be considered as an expenditure for his benefit. Whatever force there may be in this view, we think the deduction of the trustees' commissions is justified and required by section 227 of the Tax law itself, which prescribes that any legacy or devise to trustees in excess of their commissions allowed by law shall be taxable, thus necessarily implying that legal commissions shall be exempt." *Matter of Gihon, 169 N. Y. 443.* Section 227 referred to corresponds with section 4 of our act. See, also, *Matter of Silliman, 79 App. Div. 98.* The *Gihon Case* was decided in 1902 and construed the act of 1896. *Chrys. Inh. Tax 437.*

The attorney-general argues that this presumption should not be indulged, because the commissions of testamentary trustees are regulated in New York by statute, whereas in this state they are fixed by the courts. Section 2753 of the code of civil procedure directs that surrogates

"on the settlement of the account of any executor, administrator, guardian or testamentary trustee, the surrogate * * * must allow to such executor, administrator, guardian or testamentary trustee for his services in such official capacity * * * for receiving and paying out all sums of money * * * at the rate of five, two and one-half and one per cent., according to the amount."

Section 128 of our Orphans Court act (*Comp. Stat. p. 3859*) provides that—

"The allowance of commissions to executors, administrators, guardians or trustees shall be made with reference to their actual pains, trouble and risk in settling such estate, rather than in respect to the *quantum* of estate,"

and in the next section limits the rate by a sliding scale. As these enactments simply change the rule of the common law by allowing a reward to executors and trustees (*Warbass* v. *Arm-*

*strong, 10 N. J. Eq. 263*), I am unable to perceive how the difference in methods of arriving at the amount of compensation can influence in the least the application of the established rule of construction that the adoption of a statute of a sister state is presumed to have been had with reference to the previous construction given to such statute by the court of such state, or how it, in any manner, affects the principle involved and the rule laid down in the cases last cited. In the amount of the allowances there is, so far as they may reckon in the assessment, as much uncertainty in the one instance as in the other. In the one the problem encountered is what will be the sums of the *corpus* passing from the executors to the trustees, and of the accumulations pending the trust, to which the rate applies; and in the other, what amount will the court fix? It must not be overlooked that assessments are made under the respective statutes forthwith after probate, and at a time when these items are wholly problematical and necessarily must be adjusted supplementally. For this purpose New York has correctional facilities as we have. There the surrogate may modify the assessment from time to time, as the occasion requires. *Matter of Silliman, supra.* Here that function is vested in the comptroller by section 15. Under section 2 of our act, the tax assessed upon remainders is not payable until the remainderman becomes entitled to the actual possession or enjoyment of the property, and under section 15 the comptroller may refund any tax erroneously paid, provided that application therefor be made within two years from the date of payment. These remedial provisions obviously furnish ample opportunity to trustees to have their compensation settled, upon accounting, and the assessments revised.

Holding, as I do, that at the proper time the assessment may be surcharged with the trustees' commissions, leads to the conclusion that the appellants were premature in their demands upon the comptroller, and that their appeal must be dismissed.

A practice prevails in the comptroller's department of approximating and allowing in the assessment the cost of winding up estates, which course the appellants contend should have been pursued in this instance. All that need be said is that the prac-

tice, notwithstanding its merits in accelerating settlements, is not warranted in law, and resting, as it does, wholly upon conjecture and the merest guesswork, must often work inequities to the state or the party assessed. Strictly speaking, the department has no more the right to anticipate the probate court's action than it has to adjust a claim against an estate for unliquidated damages, which, I understand, it never undertakes to do. In either event, it is the duty of the comptroller to await the final judgment of the proper tribunal.

The appeal will be dismissed, with costs.