This is an appeal by the executrix and residuary legatee of Ralph E. Miller, deceased, from the transfer inheritance tax assessed against decedent's estate by the comptroller. Decedent was a non-resident of New Jersey, but had stock in New Jersey corporations, so that a tax was assessable under *Page 319 
section 1, subsection 3 of our statute, and was computed in accordance with the so-called "ratio clause" in section 12 of the act.
In computing the tax the comptroller included as taxable transfers certain gifts made by decedent to his wife during a period of some five years prior to his death, and aggregating $304,610, on the ground that they were gifts made in contemplation of death. A part only of these gifts was stock of New Jersey corporations, but the comptroller correctly acted in including all property which had been transferred in contemplation of death, as a part of decedent's entire estate in determining the several members of the statutory proportion provided in the "ratio clause" of section 12 aforesaid.
This latter is, indeed, tacitly conceded by appellant, for, although one of the grounds of appeal specified in the petition is that the assets which were transferred by these gifts were outside the jurisdiction of the State of New Jersey, and not subject to taxation by New Jersey, since decedent was a non-resident, this ground was abandoned on the argument.
Two issues only were submitted by appellant's brief — first, that none of the gifts mentioned were made in contemplation of death, and second, that if any of such gifts were made in contemplation of death, a deduction should have been allowed (in determining decedent's entire estate) for executrice's commissions in respect of the augmentation of the estate by including such gifts.
Decedent died January 16th, 1923, at the age of fifty-one, leaving an estate (exclusive of the $304,610 in question) of about $659,000. He was president of two corporations (the Crown Corset Company and H. W. Company), receiving salaries aggregating some $60,000 per year. He was married in 1903, and a year afterwards gave his wife $3,000, saying it was half of what he had saved that year, and did the same the next year, saying he meant to continue so doing. He did continue such gifts in increasingly larger amounts, until the gift in 1912 was $10,000. From that time the gifts were as follows:
May 1st, 1912 — H. W. bonds, par value ....................... $10,000.00
June 1st, 1913 — H. W. bonds, par value ...................... 19,000.00
 *Page 320 
Prior to 1916 — New York City bonds ............................ 25,000.00
March 1st, 1917 — 300 shares H. W. preferred stock
 (representing stock dividends) ............................... 30,000.00
May, 1917 — Federal Land Bank Bonds ............................ 50,000.00
Prior to 1918 — Bonds, Chicago, Milwaukee and St. Paul ......... 10,000.00
Prior to 1919 — Crown Corset Co. bonds, par .................... 40,000.00
January 9th, 1921 — Bonds, City of Chicago, 4% ................. 50,000.00
December 1st, 1921 — Treasury Department, 5 1/2% certificate of
 indebtedness ................................................. 50,000.00
September 17th, 1922 — 398 shares H. W. Co. preferred stock
 (stock dividend) ............................................. 39,800.00
November 1st, 1922 — 597 shares H. W. Co. preferred stock
 (stock dividend) ............................................. 59,700.00
January 11th, 1923 — H. W. Co. dividend check ................ 10,110.00
January 12th, 1923 — Crown Corset Co. dividend check ........... 55,000.00

The last seven of these gifts are the ones determined by the comptroller to be taxable as in contemplation of death.
Except with regard to the last two of these gifts ($10,110 on January 11th, 1923, and $55,000 on January 12th, 1923), made four or five days before his death, practically contemporaneously with the making of a will, and after a serious illness commencing November 15th, 1922, I am constrained to find that the determination of the comptroller is against the strong weight of the evidence; that the evidence in support of such finding is, at least, in view of the strong evidence to the contrary, insufficient to sustain such finding, and, hence, that the comptroller has erred in including those gifts in his computation of the tax.
As to the last two gifts, aggregating $65,110, I find no error in the comptroller's finding.
Neither do I find any error in respect of the second ground of appeal mentioned. Appellant is entitled to have the comptroller deduct, in computing the value of decedent's estate, the amount of executor's commissions, for the tax is imposed only in respect of the amount of estate, which is, ultimately, transferred. Inre Dellinger, 94 N.J. Eq. 409 (at pp. 416, 417); In reChristie, 87 N.J. Eq. 303. But such commissions are not deductible until they have been ascertained, fixed and allowed by the probate court. In re Christie, supra. It is evident that no commissions will be or can be allowed *Page 321 
by the probate court with respect to the gifts in question, for it appears by the evidence that, under the laws of New York (in which state decedent was domiciled and his estate is being administered), the commissions are allowed on sums received andpaid out by the executor. It is obvious that the executrix has not received nor paid out, and cannot receive and pay out, these antecedent gifts, and, hence, will not be entitled to commissions thereon.
The tax will be set aside and the record remitted to the comptroller for reassessment. *Page 322 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 323