The executors of the estate of Joanna H. Hack, deceased, appeal from the appraisement and assessment of transfer inheritance tax made by the comptroller, on the ground that in making the appraisement of the value of the estate the comptroller failed and refused to make any deduction for executors' commissions. Appellants contend that the sum of $10,000 should have been deducted in that behalf. If such deduction were made, the tax levied would be reduced by the sum of $900.
The gross estate of decedent was about $1,150,000. A legacy of $100,000 was given to the son and the rest of the estate to the husband, both of whom were named executors, and qualified. The husband waived commissions; the son did not. By agreement between them, the son's commissions were fixed at $10,000 and the residuary legatee swore that they were to be paid. The executors had not decided whether or not to file an account.
The refusal of the comptroller to allow the reduction in question, and the contentions of the respondent on the present appeal, are evidently the result of the language of this court inIn re Christie, 87 N.J. Eq. 303 (at pp. 306, 307), and in Inre Miller, 98 N.J. Eq. 318 (at p. 320), to the effect that executors' commissions are not deductible by the comptroller *Page 335 
in transfer tax appraisement, until such commissions have been fixed and allowed by the "probate court" or the "proper tribunal."
In neither of these two cases were the circumstances the same as in the instant case. In the Christie Case the executors sought to have the comptroller estimate the commissions which the probate court would in the future allow; in the MillerCase, the executors sought to have the comptroller allow a sum for commissions which could not be legally allowed by the probate court. The instant case is one where the executors sought to have the comptroller allow a sum for commissions which the appellants contend is just as definitely and as lawfully fixed as if they had been determined by the orphans court. Such a situation was not in the mind of this court in either the Christie or MillerCases, and the expressions therein made cannot be deemed dispositive of the case at bar.
Moreover, the pertinent legislative provision presently in force, had not been enacted at the time of the opinions mentioned.
The amendment (P.L. 1926 ch. 294), section 1, subsection 5 expressly authorizes and directs the deduction by the comptroller of "the ordinary expenses of administration, including the ordinary fees allowed executors and administrators."
It is possible that the amendment was the result of theChristie determination, and that the legislature intended — (by the use of the word "ordinary") — to authorize the comptroller to estimate the commissions in advance of probate court action.
If such was not the legislative intent, however, it is quite evident that the language of the statute does not restrict the comptroller to a deduction of only such commissions as shall have been determined by an actual probate court decree — and that it was not intended to exclude their determination in the manner pursued in the instant case.
An executor is not bound to file an account in all events, but only "when lawfully thereunto required." He may pay *Page 336 
debts and legacies, and obtain and file releases instead of filing an account. He may lawfully agree with the residuary beneficiaries upon the amount of his commissions instead of having them determined by the orphans court.
In the present case that is what was done. The residuary legatee agreed with the executor that the latter's commissions should be $10,000. Such agreement is lawful and definite. No one else is interested — except the interest of the state under the Transfer Tax act. Undoubtedly the comptroller could refuse to allow a deduction of more than a reasonable or "ordinary" amount, if the agreement were for an excessive sum.
In the instant case the amount agreed upon may well be reasonable. Under the statute (Orphans Court act, sections 129et seq.), the commissions are to be according to the actual services rendered, but not exceeding five per cent. on the sums actually received. It is for the comptroller to determine whether the $10,000 is a reasonable and ordinary sum. If so, he should allow it as a deduction. If not, he should allow so much thereof as in his judgment is an ordinary and reasonable sum.
The assessment and appraisement will be set aside and the record remitted to the comptroller for action accordingly. *Page 337