JOHN KAPALCZYNSKI, complainant-respondent,

*v.*

ANNA SITNISKI et al., defendants-appellants.

[Submitted March 22d, 1920.    Decided June 14th, 1920.]

1. A mortgage which has been either partly or wholly satisfied may be made security by the mortgagor for a further or other debt than that for which it was originally given.

2. Where in a foreclosure suit brought by the mortgagee against the widow and heirs-at-law of the mortgagor, who died intestate, seized of the mortgaged premises, the defendants claimed a payment on account of the principal of the mortgage, the burden of proof rested upon them to

prove it by a preponderance of the evidence, but where a payment of a specific amount was admitted, and the mortgagee sought to load the mortgage with a reloan of the same amount, the burden was upon the mortgagee to establish the reloan by a preponderance of the evidence.

3. A witness who is not a party to the suit is not prohibited by the act concerning evidence (*P. L. 1900 p. 363 § 4*) from testifying as to any transaction with or statement by any testator or intestate represented in said action.

4. Where a representative party has testified concerning any transaction with or statement by the deceased, this opens the door for the non-representative party to testify concerning all transactions with and statements by the person deceased, which are pertinent to the issue.

On appeal from a decree of the court of chancery advised by Advisory Master Church.

*Mr. James P. Mylod,* for the appellants.

*Mr. Frederick H. Pilch,* for the respondent.

The opinion of the court was delivered by

ACKERSON, J.

This is an appeal from a decree in chancery based on the conclusions of an advisory master in a suit to foreclose a mortgage made by Frank Sitniski to the complainant, on October 13th, 1911, for $3,000, payable in one year with interest at five and one-half per cent., payable semi-annually, covering property in the town of Bloomfield, Essex county. Frank Sitniski died intestate, October 7th, 1917, seized of the mortgaged premises and leaving a widow, Anna Sitniski, and seven minor children, the defendants in this suit. The bill of complaint alleged that there was due for principal the sum of $3,000, and interest from October 13th, 1915, and certain taxes and insurance premiums, which had been paid by complainant under the terms of the mortgage. The defence is that in the middle of November, 1913, $1,000 was paid on account of the principal of said mortgage and that interest was paid up to April 13th, 1917. At the hearing it was admitted that taxes and insurance premiums to the

amount of $188.92 had been advanced by complainant for which he was entitled to reimbursement. Complainant contended at the hearing, that while a sum of money was paid by the mortgagor, Sitniski, on account of the principal, it was not $1,000 but only $785, and that shortly after this payment was made, the same sum was reloaned again to the mortgagor with the understanding that it was to be added to and secured by the existing mortgage, thereby restoring it to $3,000.

The advisory master found that there was due on the bond and mortgage the sum of $3,000 principal, and interest thereon from October 13th, 1916, besides the above mentioned taxes and insurance premiums, against which he allowed a credit of $200 for moneys paid either on account of interest or principal, and the defendant's chief grievance is with the amount found due upon the principal of the mortgage.

It seems to be settled in this state, that a mortgage which has been either partly or wholly satisfied, may be made security by the mortgagor for a further or other debt than that for which it was originally given. *State Mutual Building and Loan Association* v. *Millville Improvement Co., 74 N. J. Eq. 721*, and cases cited; *affirmed, 76 N. J. Eq. 336*, and therefore the complainant's contention of a new loan on the security of the existing mortgage, if true in point of fact, would be well founded in law.

The question involved in this case is one of fact, being the determination of the correct amount due on the mortgage, and it is therefore essential to determine where the burden of proof rested. Payment is a matter of defence, and the burden was upon the defendants to prove the payment made on account of the mortgage by a preponderance of the evidence. But when a payment of $785 was admitted, and the mortgagee sought to load the mortgage with a reloan of the same amount, we think the burden was upon him to establish the reloan by a preponderance of the evidence.

It appears from the testimony that a meeting was held at Frank Sitniski's house November 17th, 1913, just after he had received $2,000 from a local building and loan association, the maturing value of ten of its shares which he owned, at which

meeting complainant, Frank Sitniski, four other men and Sitniski's wife were present. All were called as witnesses, except Frank Sitniski who had in the meantime died, and all agreed that a sum of money was paid to complainant by Sitniski. Complainant admitted the payment of $785, while Mrs. Sitniski placed it at $1,000, but later admitted that $215 was shortly thereafter borrowed back again by her husband, and that at the time of her husband's death there was $2,215 due on the mortgage. Furthermore, it is undisputed that from the time the payment was made on account of principal, the interest paid by Sitniski was $60 semi-annually, or at the rate of five and one-half per cent. on about $2,200.

Complainant testified that a week or two after the payment of the $785 on account of the principal of the mortgage, Sitniski came to him and reborrowed the precise $785 he had so recently paid off, complainant having in the meantime hidden the money in the schoolhouse where he was employed as janitor (although he had an account in a savings bank and also in a trust company), and complainant further stated that at the time of reborrowing this sum, Sitniski said to him. "Let it be on the bond and mortgage. * * * If I do not give it back it will go on the mortgage." There were no witnesses to this alleged new loan, complainant's statement of it being unsupported, and the whole transaction was kept absolutely secret until the commencement of this suit. Of course complainant's explanation of this secrecy is that Sitniski asked him to say nothing about it. But Sitniski died September 7th, 1917. Why wasn't this seal of silence removed by his death? Why was it necessary for complainant to keep silent on the subject for two years, and reveal it for the first time when he started foreclosure? We find no reasonable explanation of this, especially in view of the fact, admitted by complainant, that after Frank Sitniski's death, complainant went to Sitniski's widow to see what was to be done about the mortgage, and took with him a written statement (since lost) of the amount due thereon which set forth in substance that the principal due on the mortgage was $2,215. One witness, Roman Bockwackzi, relating a conversation he had

with complainant after Sitniski's death about the mortgage, stated that complainant told him there was $2,200 due on the mortgage besides taxes and other small items, and that he further said "with all my interest and the loan, as far as I am going to go is up to the sum of $3,000." And this was not denied by complainant. It is impossible to reconcile this statement with his present claim of $3,000 due for principal alone, to say nothing of the considerable amount due for interest, taxes and insurance premiums. John Blum, another disinterested witness, testified that complainant told him, after Sitniski's death, that there was $2,215 principal due on the mortgage and complainant admits that he made this statement to Blum. Furthermore, on cross-examination complainant was asked this question: "As a matter of fact, you loaned him (Sitniski) some money and the first you thought it was a mortgage, was when you started to foreclose, a few months ago?" To which he replied: "Yes."

The burden rested upon the complainant not only to prove that he reloaned the $785 to the mortgagor, but also that it was agreed between them that the sum so loaned should be secured by the existing mortgage and become a part of the principal thereof, and all the evidence we have on this subject is the unsupported word of the complainant as to what occurred nearly six years before between him and the mortgagor, whose lips are sealed by death, and in view of complainant's admissions, at a time when he should have made a full disclosure, that only $2,215 was due for principal on the mortgage, we feel that he has not met the burden of proof required of him.

It is further urged by the defendants as a reason for reversal, that testimony was admitted contrary to the provisions of "An act concerning evidence" (*P. L. 1900 p. 363* § *4*), which provides that testimony shall not be

"given by any party to the action as to any transaction with or statement by any testator or intestate represented in said action, unless the representative offers himself as a witness on his own behalf, and testifies to any transaction with or statement by his testator or intestate, in which event the other party may be a witness on his own behalf as to all transactions with or statements by such testator or intestate, which are pertinent to the issue."

But this question does not seem to have been clearly raised at the hearing by counsel for the defendants. A careful examination of the testimony discloses only one objection by counsel for defendants which could in any way be claimed to raise the question, and this was not until after complainant had been on the stand, and defendants' own counsel seems to have been the one who started this line of testimony. The one objection referred to was to the question asked of Victor Sawicki: "After this time, Mr. Sawicki, did you ever have a conversation with Mr. Sitniski?" Objection was then made by counsel for the defendants apparently without any reason being assigned therefor. In the first place the objection was premature as the witness was not asked to state what the conversation was; and in the second place this witness, Sawicki, was not a party to the suit, and, therefore, under the express wording of the statute, was not prohibited from testifying as to any transaction with or statement by the intestate.

The defendants made no other objection after this, and defendants' counsel proceeded to put Sitniski's daughter and widow (two of the defendants) on the stand and examined them as to transactions with, and statements by him at the time in question, and having done this, the door was open for complainant to testify concerning all transactions with and statements by the person deceased, which were pertinent to the issue. *Christopher* v. *Wilkins, 64 N. J. Eq. 354.* We think the defendants' point was not well taken.

The views above expressed lead us to conclude that the advisory master should not have added the $785 to the principal of the mortgage but should have found the true amount of principal to be $2,215 to which should be added interest thereon from October 13th, 1916, and taxes and insurance premiums as originally stated by him.

The decree is reversed and the case remitted to the court of chancery to be proceeded with in accordance with the views herein expressed.

34

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—14.