In the matter of the appeal of HORACE ROBERSON, executor;
ANNIE P. BUEL, HIRAM A. SMITH and AUGUSTUS C.
SMITH, devisees and legatees, from an order made in
the prerogative court, vacating decree theretofore made
in said court, which had affirmed the decree of the
orphans court, admitting to probate the will of Susan E.
Smith, deceased.

[Submitted December 10th, 1923.   Decided March 3d, 1924.]

1. While there is in the prerogative court no express statutory
limitation as to the time within which a defeated party may ask the
court to review its action, the analogous limitation of the right of
appeal will govern.

2. The prerogative court is without power, after the right to ap-
peal has expired, to grant a rehearing except in case of new or newly-
discovered matter. This evidence must be such as could not have been
discovered by reasonable diligence in time for the hearing, and of
such a character as would have altered the decree.

3. Where the prerogative court makes an order vacating a decree
and allowing a rehearing, upon allegations which do not conform to
the tests mentioned in the preceding paragraph, the order will be
reversed.

On appeal from the prerogative court.

*Messrs. McDermott, Enright & Carpenter,* for the appel-
lant Horace Roberson, executor (*John M. Enright,* of
counsel).

*Messrs. Carrick & Wortendyke,* for the appellants Anna
P. Buel et al. (*Charles L. Carrick,* of counsel).

*Mr. Aaron A. Melniker,* for the respondents.

The opinion of the court was delivered by

KATZENBACH, J.

On June 5th, 1910, Susan E. Smith, of Bayonne, in this
state, duly made her last will and testament. She bequeathed

to each of the children of her deceased husband, William H. Smith, $500 and devised to them a dwelling-house in Bayonne. The will states that the motive which prompted these bequests and the devise of the dwelling-house was that the house and much of the personal property accumulated by the testatrix had come from her deceased husband and his deceased daughter. To a sister and to two brothers Mrs. Smith gave legacies of $200 each. The remainder of her estate she left to her son, Joseph L. Houghton.

Mrs. Smith died on October 24th, 1918. To the probate of the will her son filed a caveat. He alleged that his mother lacked testamentary capacity and that the will was the product of undue influence. On April 25th, 1919, the Hudson county orphans court admitted the will to probate. From the decree of this court Mr. Houghton appealed to the prerogative court. The appeal was heard by a vice-ordinary, who, on April 4th, 1921, advised a decree which dismissed the appeal and affirmed the decree of the orphans court. On May 1st, 1922, Mr. Houghton presented to the vice-ordinary a petition for a rehearing. The petition set forth the proceedings mentioned and then stated that a great injustice had been done the petitioner, in that the appeal was argued in the prerogative court for him by counsel, different from the counsel appearing in the orphans court, who were unfamiliar with the evidence taken in the orphans court, so that the case was not presented with that fullness which would insure a fair and just determination thereof, and that a further argument of the case would advance the cause of justice. The petition further stated that evidence material to the issue in addition to that presented could have been adduced, but was not so adduced, because the petitioner had not been informed that such evidence was desirable; that since the decree dismissing the appeal had been made the petitioner had discovered a memorandum book showing a repayment by one William H. Smith to Hiram Smith of the sum of $213.56, which would tend to contradict evidence given by Hiram Smith; that at the time of the hearing a Dr. Donohoe, who had been the physician of the testatrix,

43

,was in military service overseas and unavailable; that he was now available and would, according to the belief of the petitioner, testify to the mental unsoundness of the decedent at the time of the execution of the will. The petition was verified and also had annexed to it an affidavit made by the petitioner's wife containing some hearsay statements. The vice-ordinary upon this petition made, on May 23d, 1923, an order vacating the decree of April 4th, 1922, and allowing a rehearing. From this order the 'executor and certain devisees and legatees have appealed. The contention of the appellants is that the prerogative court was without jurisdiction to make the order appealed from. No appeal to this court had been taken from the decree of the prerogative court. When the petition for rehearing was filed the time to appeal from the decree of the prerogative court had expired. An appeal from the prerogative court to this court must be taken within one year from the making of the decree. The time within which an appeal can be taken had therefore expired on April 5th, 1922.

The practice which obtains in the prerogative court is, broadly speaking, the same as that in the court of chancery. In the case of *Watkinson* v. *Watkinson, 68 N. J. Eq. 632,* this court held that although there is no express statutory limitation as to the time in which the court may be asked by a defeated party to review its action the analogous limitation of the right of appeal should govern. In the court of chancery the method of procedure is by bill of review, for which leave to file is obtained by petition. *Watkinson* v. *Watkinson, supra.* A bill of review cannot be filed after the right to appeal has expired, except in case of new or newly-discovered matter. *Ibid.* In the prerogative court the customary method of procedure is by petition. The evidence necessary to obtain the vacation of a decree and a rehearing must not only be new or newly discovered, but must be evidence which could not have been discovered by reasonable diligence at the time of the hearing, and must further be of such a character as would have altered the decree. We will

apply these tests to the grounds set forth in the respondent's petition for rehearing in the prerogative court.

The first ground is that the case was argued for the petitioner in the prerogative court by counsel, who had not acted for him in the orphans court, and who, because of their unfamiliarity with the evidence, did not fully and forcibly present the petitioner's case to the vice-ordinary. If the unfamiliarity with the evidence was due to lack of diligence on the part of counsel this was the petitioner's misfortune. The mistake of a judge or jury may be a good cause for a new trial, but not the mistake of counsel. *Warner* v. *Warner, 31 N. J. Eq. 549.* If counsel failed to present the case as fully and forcibly as the petitioner would have liked this was a mistake of judgment on the part of the petitioner in selecting counsel. New trials or hearings are not given for errors or supposed errors of judgment made by a litigant in the selection of counsel. If such were the law there would be no end to litigation.

The next ground advanced is that rebuttal evidence could have been adduced, but was not so adduced, because the petitioner was not informed that such evidence was necessary or desirable. This situation was due either to an error of judgment on the part of the petitioner in failing to acquaint his counsel with the evidence at his command or to lack of diligence of counsel in ascertaining what evidence the petitioner possessed. Neither situation is a sufficient ground for a new hearing. A client is bound by his own mistakes. He is likewise bound by the mistakes of his counsel.

The petitioner next contends that he has found in an old trunk a memorandum book in the handwriting of one William H. Smith, showing a repayment of $215.56 by him to Hiram Smith, a witness and beneficiary under the will, which if it had been introduced in evidence would have tended to discredit the testimony of Hiram Smith. This evidence could have been discovered by reasonable diligence before the hearing. The time to have searched the old trunks for evidence was before the hearing, not afterwards. This evidence,

if admissible, would merely have affected the credibility of· a single witness. Where the sole purpose of the new evidence is to discredit the testimony of a witness of the adversary party it will not be admitted. *Den* v. *Giger, 9 N. J. Law 225.* There is therefore no merit in this contention.

Finally, the petitioner relies upon the fact that a Dr. Donohoe, who was the physician of the testatrix, was in the military service overseas at the time of the hearing and his testimony was not available; but that Dr. Donohoe is now amenable to the process of the court and the petitioner verily believes that he would testify to the mental unsoundness of the testatrix at the time of executing the will. There is no affidavit by Dr. Donohoe as to what he would·testify to. The petitioner's affidavit does not even contain a hearsay statement as to what Dr. Donohoe's testimony would be. It is merely an expression of the affiant's opinion as to what the testimony would be. If it was, in the opinion of the petitioner, so important it could have been taken abroad. These allegations with reference to the testimony of Dr. Donohoe do not bring his testimony within that class of newly-discovered evidence which justifies a court in exercising its sound discretion in vacating a decree.

The situation in the present case may perhaps be best stated by the following excerpts from the opinion of the late Vice-Chancellor Van Fleet, in *Warner* v. *Warner, supra,* dealing with a similar application. He said: "This application, concisely stated, is this: The defendant, after having had the full opportunity given to him by the law to make his defence, and made such use of it as he thought necessary, and having been beaten, now says that, in consequence of his own laches and the misjudgment of his counsel, he did not make as strong a defence as he is sure he can make, if the court will obliterate the past and allow him to start anew. The merits of his application as thus stated present just the reason why it should not be granted." .

For the foregoing reasons the order of the prerogative court appealed from will be reversed, with costs.

*For affimance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK—12.