OSCHWALD BRICK WORKS, INCORPORATED

*v.*

MORRIS LIEBERMAN et ux.

[Decided February 3d, 1930.]

*Mr. Nathan Erlich,* for the appellants.

*Messrs. Saul & Joseph E. Cohn,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The present bill was filed to foreclose a mortgage given by one Harry Lieberman to Hyman Adelman and Louis Sosnow to secure the payment of a bond for $1,980. The bond and mortgage bore date the 6th day of June, 1928, and the time for payment fixed therein was June 1st, 1930. Subsequent to the making and delivery of the bond and mortgage they were assigned by the mortgagee to the present complainant. Shortly afterward the mortgaged premises, which were located in the city of Newark, were conveyed by the mortgagor to the present defendants. The mortgage contained a provision that should any tax assessment be there-

after (*i. e.,* after June 6th, 1928) imposed upon the mortgaged premises and remain unpaid for sixty days after it shall have become due and payable, the mortgagees or their assigns should have the option of declaring the whole principal sum due. At the time of the making of the bond and mortgage there had been assessed by the taxing authorities of the city of Newark upon the mortgaged premises a tax for the year 1928, the first half of which was payable on June 1st of that year. Neither the mortgagor nor his grantees, the present defendants, paid this installment of the 1928 tax within sixty days after it had become due; and because of this default the complainant claimed a right to elect that the whole principal sum of the mortgage should be forthwith due and payable and filed the present bill during the month of September, 1928, upon that theory. The defendants filed an answer claiming that the tax assessment payable on June 1st, 1928, was not such a one as would entitle the holder of the mortgage to elect that the whole principal of that instrument should become immediately due and payable because of the failure on the part of the mortgagee or of the present defendants to pay the tax within sixty days after its due date. The complainant moved to strike out this answer upon the ground that it did not constitute a defense, and the motion was granted and a decree *pro confesso* was entered in favor of the complainant. From that decree the defendants have appealed.

In our opinion the contention of the defendants as set up in their answer constituted a valid defense to the bill of foreclosure. As has already been set out, the option given to the mortgagee or his assigns of electing that the whole principal of the mortgage should become due was limited to taxes which should be imposed upon the mortgaged premises subsequent to the execution and delivery of the mortgage and should remain unpaid for sixty days after they were assessed and had become due. The theory upon which the motion to strike out the answer was granted seems to be that this provision of the mortgage conferred the option to elect that the whole principal should become due in case of

the failure of the mortgagor or his successors in title to pay any tax which should remain unpaid for sixty days after they were assessed and had become due without regard to the time when they were assessed or the time when they became payable; but this is not the contract between the parties, for, as has already been pointed out, the right to exercise the option of electing that the whole principal should become due is limited to the failure in payment of taxes which should be assessed upon the premises *after* the execution and delivery of the bond and mortgage and excludes any right on the part of the holder of the mortgage to elect that the whole principal should become due for failure to pay taxes upon the premises which had been assessed thereon and had become due and payable prior to the execution of the bond and mortgage.

We conclude therefore that the decree under review should be reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Kalisch, Black, Campbell, Lloyd, Case, Bodine, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 14.