This is an action to foreclose a mortgage in which complainants set up that they have elected to declare the principal sum due because of the fact that taxes for the year 1927 and previous years had remained unpaid for more than ninety days.
Hearing was had in the action and a decree was entered in favor of the complainants. The matter is now again before the court on petition to review in which defendants ask that the decree be vacated on the ground that shortly after the entry of the decree the court of errors and appeals filed a decision in which it was held on an almost identical state of facts that the default complained of did not entitle the mortgagee to foreclose the mortgage. The application is based on the theory that had the controlling decision of the court of errors and appeals been presented to this court this court would not have made the decree as it actually did.
That such circumstances entitle a party to obtain a review and a vacation of the original decree has recently been held by the chancellor in the case of In re O'Mara Estate, 106 N.J. Eq. 311,
in which the chancellor applied the doctrine that a decision on the question was such newly-discovered matter as would entitle the reopening of the decree.
In the action now before this court a trial was held on January 14th, 1930, and on January 29th, 1930, this court *Page 15 
found in favor of the complainants. On February 4th, 1930, defendants filed a notice of appeal. This appeal has not been prosecuted because of the present application. On February 3d 1930, the court of errors and appeals filed a decision in the case of Oschwald Brick Works, Inc., v. Lieberman, reported in106 N.J. Eq. 91, which it will be noted is a few days after the decision of this court.
The mortgage in question provided that if any rate, charge, imposition or lien "hereafter imposed or required upon the premises" should remain unpaid for the space of ninety days, then at the option of the mortgagee, one of the complainants, the principal sum should become due and payable. Taxes for 1925 and 1926 were unpaid and taxes for 1927 became a lien on the 1st day of December, 1927. The mortgage in question was delivered on December 8th, 1927, under an escrow agreement dated December 1st, 1927. The action to foreclose was begun on March 6th, 1928, just over ninety days after the December taxes became a lien. They had not been paid up to that time but have since been paid. The parties knew that there were taxes due as shown by the closing statement of December 1st, 1927. The mortgage was given as part of an exchange of property and it was understood and agreed that the defendant David Bornstein should pay the back taxes and, in fact, the amount of the taxes was withheld by the defendant David Bornstein for that purpose. His contention was that he was not required to pay these taxes until June 1st, 1928, although there is nothing in the documents to substantiate this claim.
The case of Oschwald Brick Works, Inc., v. Lieberman, where the language used in the mortgage was identical with that used in the mortgage in the present action, in so far as the option to elect to declare the principal sum due is concerned, clearly and expressly holds that such a clause "excludes any right on the part of the holder of the mortgage to elect that the whole principal should become due for failure to pay taxes upon the premises which had been assessed thereon and had become due and payable prior to the execution of *Page 16 
the bond and mortgage." The court of errors and appeals has accordingly laid down the rule of law which is controlling in this action.
Complainants seek to distinguish the present case on the ground that there was a contract dehors mortgage requiring the payment of the accrued taxes. But it seems to me that this contention is untenable since the present action is brought as a foreclosure on the mortgage itself and the default asserted as the ground for relief is the acceleration clause relating to non-payment of taxes. Under the mortgage itself, under the doctrine of theOschwald Brick Works, Inc., Case, the complainants have no right to foreclose, and having elected to base the foreclosure on the failure to pay the taxes for 1925, 1926 and 1927, complainants cannot avail themselves of any defaults subsequent to the filing of the foreclosure action. Bradley v. GlenmaryCo., 64 N.J. Eq. 77. As a matter of fact defendants have now paid all the taxes and interest due under the mortgage up to the present time.
I am of the opinion that the decree should be vacated and set aside because of the new matter consisting of the decision of the court of errors and appeals filed after the original decision in this action. It may be noted that the decision of the court of errors and appeals was a reversal of a decree made in the court of chancery, which is itself a substantial basis for the statement that the decision was newly-discovered matter. *Page 17