MARIE M. PINCKNEY and THE CATHEDRAL OF ST. JOHN THE DIVINE, appellants,

*v.*

HUDSON COUNTY NATIONAL BANK, as executor and trustee under the will of William J. Pinckney, deceased, respondent.

[Submitted October term, 1932. Decided January 31st, 1933.]

*Mr. William C. Kronmeyer* (*Mr. Frederick S. Taggart*, of counsel), for the appellants.

*Messrs. McDermott, Enright & Carpenter*, for the respondent.

The opinion of the court was delivered by

LLOYD, J.

The appeal is to review the action of the prerogative court in refusing to open two decrees of that court in so far as the allowance of commissions to the accountant and fees to proctors representing it were involved.

Accounts of the Hudson County National Bank, both as executor and trustee under the will of William J. Pinckney, deceased, were filed on November 22d, 1930, and came on for settlement in regular order in that court on December 22d, 1930. The filing, publication, posting and mailing of notices were duly proved, and upon affidavits proving the work devolving on the accountant and the service performed by its proctors the decrees complained of were made. When called for settlement no objection was made to the allowances, but on January 13th, 1931, a number of the legatees named in the testator's will filed their petition for a re-hearing setting forth that the allowances were exhorbitant and praying that the decrees be opened. There was a faint effort to establish that the Cathedral of St. John the Divine, one of the legatees named in the will, did not receive notice of the filing of the account, but this effort failed. It consisted simply of an affidavit of its proctor to the effect that "he had been informed" that notice of the accounting proceeding was mailed to the cathedral and "he presumes such to be the fact, though it is possible a mistake may have been made by the person who was in charge of the mailing of the notices," and a further observation as to the routine of forwarding of legal notices when received at the cathedral, either to himself or to the law committee of the cathedral board of trustees. There was no denial of receipt of notice by the legatee and such affidavit of its representative is not worthy of serious consideration as against the proofs of service filed in the cause.

The petition to open a decree in the prerogative court is addressed to the sound discretion of the ordinary, and where an order refusing to open a decree was neither an abuse of discretion, nor the result of mistake, or of any imposition

practiced on that court, this court will not review such order for the mere purpose of substituting its judgment for that of the prerogative court. *Sandford* v. *Wellborn, 85 N. J. Eq. 577.*

Counsel for the respondent contends that in all such cases it is necessary to show surprise as well as merit in the petition, before a decree of the court will be opened, and there is high authority for this contention (*Miller* v. *Hild, 11 N. J. Eq. 25; Carpenter* v. *Muchmore, 15 N. J. Eq. 123; Avidan* v. *Kaplan, 106 N. J. Eq. 43; Sandford* v. *Wellborn, supra*), but irrespective of this rule, we think it is clear that there was not an abuse of the discretion reposed in the ordinary which would require this court to substitute its discretion for that of the court below.

Affidavits giving plenary information of the work performed by the accountant and of the services of proctors representing it were filed. Upon these the court made its decrees awarding the compensation complained of on the appeals. Whether the decrees so entered should be opened was for the determination of that court in the exercise of its discretion and in the absence of proof that that discretion was abused the order of refusal will not be disturbed. Finding no such proof, the decrees are affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.