The transfer inheritance tax assessment in this estate came before this court some eight years ago, on appeal from the assessment; the assessment was set aside and the record sent back for reassessment, for the reasons set forth in In re Miller,98 N.J. Eq. 318; 129 Atl. Rep. 258.
The decree in that case set aside a portion of the tax assessed, but provided for the payment of a tax in lesser amount (to be computed upon a reassessment).
The decedent was a non-resident of the State of New Jersey. The tax was assessed by reason of decedent's ownership of stock in New Jersey corporations.
The executrix now petitions this court to open and vacate that decree, and allow the petitioner a rehearing, or leave to file bill of review, on the ground that the provisions of our Transfer Inheritance Tax act authorizing the assessment and levy of tax in respect of intangible property of a non-resident, are unconstitutional, under the determination of the supreme court of the United States, in First National Bank of Boston v. Stateof Maine, 284 U.S. 312; that that determination by the federal supreme court was not made until after January 4th, 1932, a considerable time after the determination of this court in In reMiller, supra, and a considerable time after the tax was reassessed and settled in accordance with the determination of this court; that prior to the said determination in this court, and up until the determination of the supreme court above mentioned, the validity of taxes assessed against the estates of non-resident decedents, under similar circumstances, by virtue of our statute, and similar statutes in other states, had been upheld by the determinations of the United States supreme court; that this new determination of the United States supreme court was new matter not existing at the time of the hearing on the appeal in this court; that immediately upon learning of this said new determination, petitioner immediately filed *Page 461 
this petition for opening and review; that under the said new determination by the United States supreme court, no tax at all should be assessed against this estate.
The facts are not in dispute.
The respondent to this petition concedes that this court has the inherent power to open and vacate or amend its orders or decrees (In re O'Mara, 106 N.J. Eq. 311; 151 Atl. Rep. 67), and that this may be done on petition and order to show cause, as well as by petition for leave to file bill of review. In reRoberson, 95 N.J. Eq. 672; 123 Atl. Rep. 721; see, also,Eckhouse v. Berwyn Estates, 106 N.J. Eq. 485;151 Atl. Rep. 371; Morris v. Glaser, 106 N.J. Eq. 585; 151 Atl. Rep. 766;affirmed, 110 N.J. Eq. 661; 160 Atl. Rep. 578; Schaffer v.Hurd, 98 N.J. Eq. 143; 130 Atl. Rep. 228.
Concededly also there is no statute in this state limiting the period within which petition for rehearing or bill of review must be filed. In re Roberson, supra; McKenzie v. StandardBleachery Co., 109 N.J. Eq. 429; 157 Atl. Rep. 845; Nash v.Leiderman and Nash Building Co., 103 N.J. Eq. 287;143 Atl. Rep. 349. Although the right to such relief is governed by the analogous limitation of the right of appeal; except in the case of new or newly discovered evidence, or some other especial equity.
The granting of such relief lies within the sound discretion of the court. Morris v. Glaser, supra; Grant Inventions Co. v.Grant Oil Burner Co., 104 N.J. Eq. 341; 145 Atl. Rep. 721;Pinckney v. Hudson County National Bank, 112 N.J. Eq. 376.
In the instant case, the time for appeal was one year (2 Comp.Stat. p. 1724; P.L. 1900 p. 347; In re Roberson, supra), and that time, of course, has long since elapsed. Petitioner's right, therefore, rests upon her establishing that the new determination of the United States supreme court above referred to is new matter pertinent to the issues on the original appeal in this cause, and legally sufficient, under the law of this state, to entitle her to the review sought. She shows no other equitable grounds for that relief. *Page 462 
There is considerable authority in the decisions in other jurisdictions, for the principle that a rehearing or review cannot, or should not, be granted on the single ground that subsequent to the entry of the decree the law controlling the determination of the case has been, by decision of a controlling court, reversed or changed so as to require a change in the decree sought to be reviewed. It may be conceded for the sake of argument that what authority there was in this state on this point, was to the same effect, prior to the determination in theO'Mara Case, supra.
There is, however, considerable authority in other jurisdictions to the contrary effect; and in any event, the determination of this question is one solely for the courts of this state, in which they are not bound by the decisions in other states or even in the federal supreme court.
So far as this court is concerned, it seems clear that the question was definitely and controllingly settled and determined in favor of the allowance of the rehearing or review, by the decision of the ordinary in In re O'Mara, supra (since followed by Vice-Ordinary Lewis in Weissman v. Bornstein, 108 N.J. Eq. 13; 153 Atl. Rep. 709).
The respondent contends that the O'Mara Case is not controlling in the present case because there are two material differences between the two cases — first, that in the O'MaraCase the issue on which rehearing was sought was an issue raised by the original pleadings in the case; and that that is not so in the instant case.
It is not perceived that the contention is sound. The petition filed by the executrix, in the original appeal from the tax, set up that decedent was not a resident of this state; that his assets were outside the jurisdiction of this state, and that the assets were of a character not taxable under the laws of this state nor subject to taxation by this state. The answer sufficiently denied this to raise the issue by the pleadings. If the recent determination by the federal supreme court had been then already handed down, this issue must have been decided in the appellant's favor — for that determination *Page 463 
is to the very effect that a state has no power to impose transfer tax on the intangible property of a non-resident, i.e., a person not domiciled in the state.
It is true that this issue was not argued on the appeal, but obviously the failure to argue it was because of the fact that that legal issue had been, and was at that time, definitely decided against appellant, by the courts of this state and the United States supreme court — and such failure can therefore be deemed no more than an admission and recognition of that fact, and cannot be regarded as an estoppel under the present circumstances.
Moreover, see Weissman v. Bornstein, supra, in which the review was allowed, notwithstanding that the issue apparently had not been originally raised.
The second material difference claimed by respondent is that in the O'Mara Case the funds involved had not been distributed at the time of petition for review, whereas in the present case the tax has been collected and spent by the state. This factual difference is true; but it by no means follows that it must, or should, prevent the application of the determination in theO'Mara Case.
The ordinary, in holding with the utmost vigor (at p. 321), that a new and controlling legal decision was such new matter as to be ground for rehearing or review, did not limit this to cases where distribution had not yet been made; he said that the rule was "especially" true where distribution had not been made.
Assuming, however, that if, in a case like the O'Mara Case, distribution had been previously made and the situation of the parties so changed as to require, on full consideration of all the equitable factors involved, that the rehearing should be denied, nevertheless no such situation of equitable estoppel exists in the present case. It is true that the tax has been paid and spent, but that was true even at the time of the original appeal (pursuant to the provisions of the taxing statute which provide for the payment of tax under protest and repayment by the state if the tax is later modified or held *Page 464 
invalid). The state will be no more prejudiced by an adverse determination now, than it would have been at the time of the original appeal. The legislature did not require that the tax so paid should be segregated and separately preserved pending the appeal, evidently, because it was obvious that such a course was unnecessary. If it became necessary to repay the tax, the necessary funds could be raised by taxation in the same way as funds for other expenses of the state.
The situation in the instant case is not analogous to the cases where review by appeal has been denied to one who has made a payment or settlement without exhausting all the possibilities of appellate review, where the legal issue has not been determined and established in similar cases by the highest appellate court. In such a case the party has acquiesced in the then adjudication, anl elected to accept it, rather than to seek to have the adjudication reversed or modified by appeal; there is at least an estoppel by acquiescence or election. But in the instant case the very issue had already previously been determined against the contention of the appellant, by the highest appellate court possible. Acquiescence under such circumstances cannot well be charged against the appellant as an election or estoppel; there was no election because (so far as the ordinarily reasonable man could tell) there was no possibility or opportunity of reversing or modifying that established rule of law by any appeal. Such acquiescence is akin to an acquiescence under duress, and cannot be deemed a basis for estoppel.
It seems just as "intolerable" that the state should collect and retain a tax which, as has been definitely and conclusively determined, it has no right whatever to collect, as that a decedent's estate should be required to be distributed to persons who have been definitely and conclusively determined to have no right thereto.
It is concluded that the petition should be granted, for the reasons hereinbefore set forth. *Page 465