On November 9th, 1926, defendant David S. Forman executed three mortgages to complainant, The Better Plan Building and Loan Association, covering premises in the city of Elizabeth, known as 217, 219 and 225 Geneva street. The mortgages were in the sum of $1,600, $1,800 and $2,200, respectively. In September, 1934, Forman assigned the rents of the mortgaged premises to complainant. On May 31st, *Page 562 
1938, complainant filed its bill of complaint for the foreclosure of the three mortgages. The mortgagor failing to file answer, decree pro confesso was entered. Final decree was entered July 27th, 1938, execution issued and the premises advertised for sale for October 26th, 1938, after which the sale was adjourned from time to time until November 23d 1938.
On November 21st, 1938, defendant Forman filed his petition praying that the final decree and decree pro confesso be opened and set aside, and that he be permitted to answer the bill of complaint.
An order to show cause issued upon the filing of the petition and the matter is now before me upon the return of said order.
The petition alleges that complainant while in possession of the mortgaged premises imprudently managed the same resulting in loss of rent; that it committed waste upon the mortgaged premises in that it suffered the buildings thereon to become so out of repair as to be uninhabitable; that as to No. 219 Geneva street it permitted the building to so deteriorate as that nothing remains of it except the four walls; that complainant failed to credit upon its mortgage the fair rental value of the mortgaged premises for the time of its occupancy, and to credit the amount of depreciation caused by complainant's waste of the mortgaged premises.
Three months having elapsed between the entry of the final decree and the filing of the petition the period allowed by the statute for an appeal from said decree has expired. R.S. 1937,2:29-119.
It is a well settled rule that a petition to open or vacate an order or decree of the court of chancery cannot be entertained after the expiration of the statutory period allowed for an appeal from such order or decree except for fraud, new or newly discovered evidence. Watkinson v. Watkinson, 68 N.J. Eq. 632;60 Atl. Rep. 931; Fidelity Union Trust Co. v. North JerseyPoultry Co., 123 N.J. Eq. 259; 197 Atl. Rep. 65. And the present proceedings being one in the nature of *Page 563 
a bill for review (Lurie v. J.J. Hockenjos Co., 115 N.J. Eq. 304;170 Atl. Rep. 593), the petition may not be entertained after the time limited for taking an appeal, except for fraud, new or newly discovered evidence.
Petitioner alleges that the decree was entered as a result of fraud upon the part of the complainant. This alleged fraud is said to consist of complainant's failure to credit upon its mortgage the rental value of the mortgaged premises and the amount of depreciation in the value of the mortgaged premises occasioned by complainant's waste of the same.
Such failure to give credit is not fraud. In a suit to foreclose a mortgage complainant's prima facie case is complete on proof or admission of the execution and delivery of the bond and mortgage. Wilson v. Stevens, 105 N.J. Eq. 377;148 Atl. Rep. 392. Payment (or partial payment on account) is an affirmative defense and the defendant must set it up in his answer and the burden is upon him to prove the payment made on account by a preponderance of the evidence. Wilson v. Stevens,supra; Kapalczynski v. Sitniski, 91 N.J. Eq. 524;111 Atl. Rep. 24. Likewise waste must be pleaded affirmatively. In McMichael
v. Webster, 57 N.J. Eq. 295, it was held: "A mortgagee in possession may doubtless be compelled to account for his waste of the mortgaged premises and to submit to a deduction therefor from the mortgage debt. Such allowance may be made upon a bill to foreclose the mortgage if the claim is presented by cross-bill." Since cross-bills are now abolished, matters that were proper subjects thereof may be set up by counter-claim. Rule 72.
In the instant case the petitioner failed to file an answer or counter-claim and cannot now be heard to set up such defenses upon his petition in the nature of a bill of review.
While the petitioner now alleges the failure of complainant to give credit for the rental value and for depreciation in the value of the mortgaged premises because of waste committed by complainant as new or newly discovered evidence, it is not such evidence in fact. Petitioner says that he relied upon the responsibility of the complainant and the representations *Page 564 
of several of its officers that complainant would properly manage and maintain the mortgaged premises, and so suffered the decreepro confesso and final decree to be entered against him; that it was not until after the mortgaged premises were advertised for sale that he discovered that complainant intended to look to him for any deficiency arising from such sale that he made an inspection of the mortgaged premises, and for the first time learned of their condition, after which he examined the foreclosure proceedings and found that the credits he now seeks were not given him upon the mortgage debt.
The evidence necessary to obtain the vacation of a decree upon a bill of review or a petition in the nature of a bill of review must not only be new or newly discovered evidence but must be evidence which could not have been discovered by reasonable diligence at the time of the hearing. In re Roberson, 95 N.J. Eq. 672;123 Atl. Rep. 721. "The test is not what the plaintiff knows but what he might have known by the use of the means of information within his reach with the vigilance which the law requires of him." Cameron v. Penn Mutual Life Insurance Co.,116 N.J. Eq. 311; 173 Atl. Rep. 344.
The order to show cause is discharged and the petition dismissed. *Page 565