This matter is before me upon a petition to reopen the final decree and the order confirming sale in the above entitled foreclosure proceeding.
The facts appear as follows:
On June 3d 1926, James J. Zisette and Albert R. Winans, being seized of property on Godwin Avenue, in the Village of Ridgewood, executed and delivered to the complainant a bond and mortgage in the sum of $42,000, covering the Godwin *Page 504 
Avenue property. On September 10th, 1926, the mortgaged premises were conveyed to William Muster and James Bauman, two of the defendants herein. On July 18th, 1929, Muster and Bauman executed with the complainant an agreement extending the due date of the bond and mortgage. The agreement contained an assumption of the debt by Muster and Bauman and an undertaking by them to pay the debt.
In December, 1933, Muster and Bauman having defaulted, the complainant, as mortgagee, entered into possession of the property. And on December 1st, 1944, a bill for the foreclosure of the mortgage was filed. The foreclosure suit was not defended.
On September 12th, 1945, a final decree was entered. In the decree it was determined that the amount due to the complainant upon its bond and mortgage was the sum of $61,733.36 with interest from August 27th, 1945, and costs. On October 31st, 1945, the mortgaged premises were sold by the sheriff of Bergen County to the complainant for the sum of $100. The sale was confirmed by an order dated November 13th, 1945.
On May 19th, 1947, the defendant James Bauman filed a petition for the reopening of the final decree and the order confirming sale. As a basis for the petition, he alleges:
(1) That the complainant, while in possession of the mortgaged premises, took rents and profits therefrom in the sum of $8,260 per year and committed waste thereon to the extent of $8,830;
(2) That the complainant failed to account to the defendant for the rents and profits and for the waste committed;
(3) That the complainant led the defendant to believe that the controversy would be settled and as a result the defendant failed to defend the foreclosure action and protect his interests therein; and
(4) That the amount of unpaid interest was improperly computed and, hence, the amount stated by the decree to be due, was a fraud upon the court.
The time for appeal having expired, this court is without jurisdiction to entertain the petition to reopen the decree unless the petitioner can bring his case within the exception *Page 505 
of newly discovered evidence or of some special equity that would give the court the discretionary power to make the order.Watkinson v. Watkinson, 68 N.J. Eq. 632.
Every fact presented in the petition upon which the present application is based was either known to the petitioner at the time of the hearing or could have been readily ascertained by the exercise of reasonable diligence. Therefore, he may not base his application on the ground of newly discovered evidence since the evidence which would justify the reopening of the decree must not only be new or newly discovered, but must be evidence which would not have been discovered by the exercise of reasonable diligence at the time of the hearing. In re Roberson, 95 N.J. Eq. 672.
In the absence, therefore, of newly discovered evidence, we are left with the sole consideration as to whether or not some special equity exists which would justify the exercise of the court's discretion. The petitioner complains that the amount of interest found to be due was incorrect; that no credit was given for the income received by the complainant, as mortgagee in possession and that no allowance was made for waste committed. And he concludes that, as a result, a fraud upon the court was perpetrated. Assuming for the moment that these allegations are true, and they are vigorously denied by the complainant, they still would not sustain a charge of fraud. In this proceeding the complainant had the burden of establishing the making of the bond and mortgage. It was also required to prove that it was the party to whom they were made and delivered or was the legal successor in title to such party. Having done that, its prima facie case was complete. Payment, whether of principal or interest, satisfaction, discharge or anything which tends to reduce the debt are all matters of affirmative defense and must be proved by a preponderance of the evidence. Kapalczynski v. Sitniski,91 N.J. Eq. 524; Wilson v. Stevens, 105 N.J. Eq. 377. Having failed to set up these defenses by way of answer or counter-claim, the petitioner cannot now, upon a petition to reopen the foreclosure, avail himself of those defenses. BetterPlan Building and Loan Association v. Forman, 124 N.J. Eq. 561. *Page 506 
The only other allegation left for consideration is that which charges that the complainant, by its conduct, led the petitioner to believe that the controversy would be settled, and as a result, the petitioner failed to defend the foreclosure. The petition itself supplied the answer to this charge. According to the petition, the petitioner, Bauman, on December 5th or 6th, 1945, learned that all efforts to settle were unavailing and that the complainant insisted upon the payment of the mortgage debt, at least to the extent of $56,750. That sum, he alleges, was beyond his ability to pay. At that time petitioner, on his own statement, was no longer under any misapprehension as to the situation which faced him. And at that moment he still had time to apply to the court for relief, since the time for appeal from the final decree did not expire until December 12th, 1945, and from the order confirming sale, the time for appeal did not expire until December 13th, 1945. Petitioner took no steps to protect himself at that time. His present application comes too late.
I will advise an order denying the petition to reopen the final decree and the order confirming sale.